ETSI PIPELINE PROJECT, a joint ven-
ture, and Energy Transportation
Systems, Inc., Plaintiffs,

Arkansas Power & Light Co.,
Plaintiff–Intervenor,

v.

BURLINGTON NORTHERN, INC.,
Burlington Northern Railroad
Co., et al., Defendants.

Misc. No. 87–0165.

United States District Court,
District of Columbia.

June 24, 1987.

C. Michael Buxton and Gretchen A. He-
gemier, Vinson & Elkins, Washington,
D.C., for plaintiffs.

Abbe Lowell and Peter J. Kirsch, Brand
& Lowell, Washington, D.C., for the mov-
ing party, Environmental Policy Institute.

## ORDER

CHARLES R. RICHEY, District
Judge.

The Court has before it foreign subpoe-
nas numbered 87–1061 and 87–0162 issued
out of this Court pursuant to Rule 45(b)
and (d) against the Environmental Policy
Institute ("EPI") of Washington, D.C.,
which is a tax exempt 501(c)(3) organiza-
tion, and a motion to quash said subpoenas
or, in the alternative, for a protective order.
The subpoenas were issued by the ETSI
Pipeline Project, which is suing a group of
railroads in the Eastern District of Texas,
alleging violations of sections 1 and 2 of
the Sherman Act, otherwise known as the
Federal anti-trust laws. An examination of
the attachments to the subpoenas and the
notice of the subjects to be covered by the

deposition testimony sought covers three broad-ranging subjects:

(1) Contacts between EPI and any person regarding coal slurry pipelines;

(2) EPI's involvement in legislative, judicial or administrative proceedings regarding coal slurry pipelines; and

(3) Contributions made to EPI by railroads or any similar organization.

It is not disputed that EPI is a public interest organization engaged in research, public education, litigation and lobbying which seeks to influence policy-making involving energy and the environment, and has been so engaged since approximately 1974.

 EPI's motion to quash and for a protective order is based upon a claim that the subpoenas and deposition testimony sought would violate the First Amendment rights of the organization, its officers, members and contributors. The movants refer to the tri-partite inquiry established by this circuit in *Black Panther Party v. Smith*, 661 F.2d 1243, 1267–68, 213 U.S. App.D.C. 67 (1981), *cert. granted and vacated on other grounds*, 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982). EPI contends that disclosure of the information requested in the subpoenas would lead to reprisals or harrassment of it, its officers and contributors. An affidavit in support of this position signed by Michael S. Clark was not contested by ETSI Pipeline Project. Because EPI has made out a case or a showing of some probability of implicating First Amendment rights, the plaintiffs have the burden of showing that the balance of interest weighs in favor of disclosure. In other words, can the requested information be discovered through alternative sources, has the party seeking discovery made reasonable independent efforts to obtain the information elsewhere, and is the information sought crucial to the party's case or go to the heart of the lawsuit? *Id.*

 Even though EPI is not a defendant, it may well be that the information sought here is crucial to the conspiracy issue and in the underlying lawsuit in the federal court in Texas. However, EPI is not a defendant and this Court, as is typical in these kinds of cases, finds it difficult to say with certainty that the information goes to the heart of the underlying lawsuit. Assuming such to be the case, it is not clear on this record that alternative sources have been exhausted and independent efforts to obtain the information here sought made. For example, ETSI Pipeline Project has not even tried to depose Mr. McCormick who testified before the Senate on behalf of the Environmental Policy Center, which is now EPI.

A broad-ranging subject such as this case implicates First Amendment concerns. The record herein is also clear and uncontroverted that the requested information will result in reprisal or harrassment to EPI or its officers and contributors. The movant's claim of exemption on the basis of the *Noerr Pennington* doctrine is not sufficient to clothe EPI from traditional anti-trust scrutiny. *See Southern Pacific Communication Corporation v. AT & T*, 740 F.2d 980, 999 (1984). However, notwithstanding the rejection of that defense to these subpoenas, the movants have made a sufficient showing that their First Amendment rights have been implicated. *See NAACP v. Alabama*, 357 U.S. 449, 462, 78 S.Ct. 1163, 1172, 2 L.Ed.2d 1488 (1958); *Local 1814, International Longshoremen's Ass'n v. Waterfront Comm'n*, 667 F.2d 267, 270–71 (2d Cir.1981); *Black Panther Party*, 661 F.2d at 1266 n. 144; *Bursey v. United States*, 466 F.2d 1059, 1088 (9th Cir.1972). And, as indicated, *ETSI*, has not sufficiently exhausted all alternative sources for the information sought here or made reasonable efforts to obtain the information elsewhere.

Accordingly, it is, by the Court, this 24th day of June, 1987,

ORDERED: that the Motion to Quash the subpoenas, or in the alternative, for a protective order, be and the same is hereby, granted.